MACSTEEL INTERNATIONAL USA CORP.                    CIVIL ACTION

VERSUS                                              NO:09-5877

M/V ORCHID OCEAN ET AL                              SECTION: "J"(3)


**ORDER AND REASONS**

Before the Court is Defendant SW Shipping Co. Ltd's **Motion to Dismiss** (Rec. D. 24) and  Defendant KDB's **Motion to Dismiss** (Rec. D. 25). Upon review of the record, the memoranda of parties, and the applicable law this Court now finds, for the reasons set forth below, that Defendant SW Shipping Co. Ltd's **Motion to Dismiss** (Rec. D. 24) is **DENIED** and  Defendant KDB's **Motion to Dismiss** (Rec. D. 25) is **DENIED**.

**FACTUAL AND PROCEDURAL**

This case arises from damage to coils of prime alloy hot rolled steel belonging to Macsteel International USA Corp., transported from China to New Orleans on board the M/V Orchid Ocean.

The M/V Orchid Ocean is owned by Defendant KDB Capital Corp ("KDB") who chartered it to Defendant SW Shipping ("SWS"), who time chartered the vessel to Defendant Korean Line Chartering ("KLC"), who sub time chartered it to Defendant STX Pan Ocean Co. Ltd ("STX"), who entered into a GENCON form voyage charter party with Plaintiff Macsteel International USA Corp.("Macsteel"). The

GENCON charter party contains an enforceable arbitration clause.

The cargo was loaded on the M/V Orchid Ocean in China between July 3, 2008 and July 10, 2008. Plaintiff alleges that when the cargo reached the port of New Orleans at the end of August 2008 it was damaged. Plaintiff filed suit against all the above parties in this Court on August 25, 2009.

**DISCUSSION**

**Motion to Dismiss (Rec. D. 24)**

Defendant SWS seeks to enforce the arbitration clause contained in GENCON agreement between Macsteel and STX. SWS argues that dismissal from the above captioned matter is the appropriate remedy. Plaintiff argues that the arbitration clause is unenforceable between Plaintiff and SWS since SWS was not a party to the agreement which contains the arbitration clause.

The general rule is that, in order to enforce an arbitration clause, an agreement must exist between the parties. Rice Co. v. Precious Flowers Limited, 523 F.3d 528, 535 (5th Cir. 2008). Defendant has failed to present any law or facts which would induce this Court to make an exception to the general rule. The Court finds that the arbitration agreement between Plaintiff and STX does not require arbitration of Plaintiff's claims against SWS.

**Motion to Dismiss (Rec. D. 25)**

Defendant KDB moves to have all claims against it dismissed

because of Plaintiff's failure to complete service of process against it. Plaintiff argues that the Court should not dismiss the claims because it is making good faith efforts to complete service.

The Court agrees with Plaintiff that dismissal is not appropriate where Plaintiff is making a good faith effort to effectuate proper service and it appears service is likely to occur in the near future.

Accordingly,

**IT IS ORDERED** that Defendant SW Shipping's **Motion to Dismiss** (Rec. D. 24) is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant KDB Capital Corp's **Motion to Dismiss** (Rec. D. 25) is **DENIED.**

New Orleans, Louisiana, this the 17th day of June 2010.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE